# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Farley Thomas, III, | Case No. 2:25-cv-00903-ART-DJA |
| Plaintiff, | |
| v. | **Order** |
| Clark County; et al., | |
| Defendants. | |

Pro se Plaintiff Farley Thomas, III filed an application to proceed *in forma pauperis*.[1] (ECF No. 1). However, Plaintiff has filled out the Short Form application to proceed *in forma pauperis* rather than the Long Form, as the Court ordered. But even if the Court were to consider Plaintiff's Short Form application, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status from Plaintiff's application. The Court thus denies Plaintiff's application without prejudice.

I.     **Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Proceeding *in forma pauperis* means proceeding without paying the filing fee.

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  "[L]eave to proceed *in forma pauperis*…is properly granted only when the plaintiff has demonstrated poverty[.]" *Id.* at *2.  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016).

Plaintiff has filled out the Short Form application to proceed *in forma pauperis* despite the Court's order stating that "Plaintiff has until **July 3, 2025,** to file an updated **Long Form** application to proceed *in forma pauperis*…" (ECF No. 4) (emphasis in original).  However, even if the Court were to consider Plaintiff's renewed application, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.  Plaintiff claims to make a total of $3,953.56 in income from employment and from his wife.  However, Plaintiff fails to identify his employer in response to question 2.  Plaintiff also claims to have $1,974.00 in monthly expenses, leaving him $2,069.56 left each month.  This may disqualify him for *in forma pauperis* status.  But the Court cannot tell because Plaintiff also lists other possible forms of expenses, but does not provide enough information for the Court to determine how much he pays.  For example, in response to question 7, Plaintiff lists two children who are dependent upon him for support, but does not identify how much he contributes to their support.  In response to question 8, Plaintiff lists certain debts, but he has also listed what appear to be monthly expenses.  So it is unclear if the amount of the debts he identifies are his monthly payments or the total amount of the debts.

Given these issues, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application on this Court's **Long Form** application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source of money that he receives, state the amount he received, and what he expects to receive in the future.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions, check all applicable boxes, and sign and date the application. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **October 3, 2025,** to file an updated **Long Form** application to proceed *in forma pauperis* as specified in this order or pay the filing fee. **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.** Plaintiff can find the Long Form application under code AO 239 at the following website: https://www.nvd.uscourts.gov/court-information/forms/.

DATED: September 3, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE