# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Farley Thomas, III, | Case No. 2:25-cv-00903-ART-DJA |
| Plaintiff, | |
| v. | **Order** |
| Clark County; Las Vegas Metropolitan Police Department; Officer Wall; Officer Booth; and Officer Atkinson, | |
| Defendants. | |

Before the Court is pro se Plaintiff Farley Thomas, III's motion to extend time to effectuate service. (ECF No. 10). Also before the Court are Defendant Las Vegas Metropolitan Police ("LVMPD") Officers Wall and Atkinson's motion to extend time to respond to the complaint. (ECF No. 14). On March 6, 2026, the Court screened Plaintiff's claims and allowed certain claims to proceed against Officers Wall, Booth, and Atkinson. (ECF No. 8). It then ordered the following regarding service:

> **IT IS FURTHER ORDERED** that service must be perfected on or before **June 4, 2026**. See Fed. R. Civ. P. 4(m).

> **IT IS FURTHER ORDERED** that on or before **March 27, 2026**, LVMPD shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom LVMPD cannot accept service, LVMPD will file, under seal, but will not serve Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, LVMPD will attempt to obtain and provide the last known physical address(es).

> **IT IS FURTHER ORDERED** that if LVMPD cannot accept service for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance

of summons, and specifying a full name and address for the defendant(s). If LVMPD has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

**IT IS FURTHER ORDERED** that if LVMPD accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 53) on or before **May 5, 2026**. See Fed. R. Civ. P. 4(d)(3).

Plaintiff moved to extend the service deadline on May 15, 2026, explaining that LVMPD had not timely indicated acceptance of service for Defendants Officer Wall, Officer Booth, or Officer Atkinson.[1] So, Plaintiff argues that he requires additional time to serve these Defendants through the United States Marshals Service ("USMS"). No party has responded to Plaintiff's motion.

On June 3, 2026, the LVMPD returned a waiver of service executed on behalf of Wall and Atkinson and filed a notice of filing Booth's last known address under seal. (ECF Nos. 11, 12). The next day, Wall and Atkinson moved for an extension of the deadline to respond to Plaintiff's complaint. (ECF No. 14). Wall and Atkinson explain that their counsel was not retained until June 3, 2026, and seek an extension until July 31, 2026, to respond to Plaintiff's complaint. (*Id.*). Plaintiff did not respond to the motion.

The Court first finds that Plaintiff has shown good cause to extend the service deadline, particularly given the fact that LVMPD has not accepted service on behalf of Booth. *See* Fed. R. Civ. P. 4(m). The Court therefore grants Plaintiff's motion and extends the deadline for service to ninety days from the date of this order. The Court further reminds Plaintiff that he must file a motion requesting issuance of summons for and for service on Booth.

The Court next finds that Wall and Atkinson have shown good cause and excusable neglect to extend the deadline for them to respond to Plaintiff's complaint. *See* Fed. R. Civ. P.

---

[1] It appears from Plaintiff's motion that he may be seeking additional time to serve not only LVMPD and its officers, but also to serve Clark County. However, after screening, the only active Defendants are Officers Wall, Booth, and Atkinson. (ECF No. 8).

6(b). Additionally, Plaintiff has not responded to the motion, constituting his consent to the Court granting it. *See* LR 7-2(d). The Court therefore grants Wall and Atkinson's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend time (ECF No. 10) is **granted.** Plaintiff shall have until **September 21, 2026,** to accomplish service. *See* Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Wall and Atkinson's motion to extend time (ECF No. 14) is **granted.** Wall and Atkinson shall have until **July 31, 2026,** to respond to Plaintiff's complaint.

DATED: June 23, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE